IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| PETER R. TIA, | Civ. No. 17-00612 JMS-RLP |
|---|---|
| Plaintiff, | ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND (3) DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | |
| AMERICAN SAVINGS BANK, ET AL., | |
| Defendants. | |

**ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND (3) DENYING MOTION FOR APPOINTMENT OF COUNSEL**

**I. INTRODUCTION**

On December 28, 2017, pro se Plaintiff Peter R. Tia ("Plaintiff") filed a Complaint against Defendants American Savings Bank ("ASB"); ASB's president; ASB employees Juliet Deyro ("Deyro") and Kirsi Scotte ("Scotte"); an unnamed judge of the State of Hawaii District Court of the First Circuit, Honolulu Division; Federal Bureau of Investigation ("FBI") Agent Rachel Bird; and numerous unnamed ASB employees, all sued in their individual and official capacities. Compl. at 1, ECF No. 1. On January 24, 2018, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP"). ECF No. 4. And on February 2, 2018, Plaintiff filed a Motion for Appointment of Counsel. ECF No. 6. Based on the

following, the court GRANTS the IFP Motion,[1] DISMISSES the Complaint with leave to amend, and DENIES the Motion for Appointment of Counsel.

## II. DISCUSSION

### A. Plaintiff's IFP Motion Is Granted

Plaintiff's IFP Motion indicates that he receives monthly Social Security Disability payments of $677 and monthly Supplemental Security Income payments of $93. IFP Motion ¶ 3; Pl.'s Exs., ECF Nos. 3-4. Plaintiff works "2 or 3 times" a week and earned $20.15 on January 8, 2018, and $53.65 on January 17, 2018. IFP Motion ¶ 2; Pl.'s Exs., ECF Nos. 1-2. Plaintiff has $30 in a bank savings account and no other assets. IFP Motion ¶¶ 4-5. Plaintiff pays rent at $255 per week, and monthly fees of $73.08 to A-American Self Storage. *Id.* ¶¶ 6, 8; Pl.'s Exs., ECF Nos. 6-7, 10.

Because Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed in forma pauperis (*i.e.*, without prepayment of fees), the court GRANTS Plaintiff's IFP Motion.

///

///

---

[1] Plaintiff is a former prisoner who has accrued three strikes under 28 U.S.C. § 1915(g). *See, e.g.*, *Tia v. Head of the United States Court of Appeal for the Ninth Circuit*, 2017 WL 2951423, at *1 (D. Haw. July 10, 2017). Because he is no longer incarcerated, however, § 1915(g)'s exception — allowing a new civil action to proceed IFP only when a prisoner is in imminent danger of serious physical injury — does not apply.

**B.     Plaintiff's Complaint Is Dismissed With Leave to Amend**

   *1.     The Complaint*

As alleged in the Complaint, on December 23, 2017, Plaintiff sought a cash advance or loan of "4 to 5 hundred dollars" from ASB based on evidence of his monthly Social Security income.  Compl. at 2.  ASB Liliha Branch employee Deyro denied the cash advance/loan, and also told Plaintiff that ASB does not invest money for clients and therefore would not invest Plaintiff's $50.  *Id.*  That same month, Plaintiff again sought a cash advance/loan, this time for "3 thousand dollars," which was denied by ASB McCully Branch employee Scotte.  *Id.* at 4.  The Complaint alleges that Scotte's and Deyro's denial of a cash advance/loan and refusal to invest his $50 violated both common banking practices and a duty to properly advise Plaintiff on investments or saving options to build his $50.  *Id.* at 3-4.

The Complaint further alleges that Plaintiff "won a small claims case no. 1SC17-1-3138" and was awarded $50.  *Id.* at 4-5.  But Bird "unduly influenced the Judge . . . and kept Plaintiff from rightful damage awards over 1 thousand dollars."  *Id.* at 5.  Further, "to conceal these illegalities the court . . . denied Plaintiffs request for court transcripts/minutes on 11/24/17!"  *Id.*

The remainder of the Complaint is a rambling, incoherent narrative alleging, in part, that (1) "government hackers" obstructed Plaintiff's wages, *id.* at

3

2; (2) Deyro and Bird prevented Plaintiff from withdrawing $200 from an automatic teller machine ("ATM") located at the Nuuanu Pali YMCA, *id.* at 3; (3) Bird and other Defendants are conspiring to "make Plaintiff homeless and to seize his property from storage," *id.* at 6; and (4) Plaintiff filed reports with Honolulu Police Department concerning people taking his property from his room at the Nuuanu Pali YMCA, *id.* at 5.

The Complaint asserts claims for retaliation and conspiracy and seeks a declaration that Defendants are conspiring to violate Plaintiff's Eighth and Fourteenth Amendment rights; compensatory and punitive damages of $15 million; an injunction (1) preventing further unfair banking services, (2) stopping retaliation, and (3) directing the state court to provide transcripts; and Bird's arrest.

### *2.    Standards of Review*

The court may dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("[I]nquiring whether the court has jurisdiction is a federal judge's first duty in every case."); Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Plaintiff bears the burden of

4

establishing subject-matter jurisdiction. *Kokkonen*, 511 U.S. at 377. At the pleading stage, Plaintiff must allege sufficient facts to show a proper basis for the court to assert subject-matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

In addition, the court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss sua sponte an in forma pauperis complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

A complaint "is 'frivolous' where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[The] term 'frivolous,' . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). When determining whether to dismiss a complaint as "frivolous," the court need not "accept without question the truth of the plaintiff's

allegations." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.").

And in considering dismissal for failure to state a claim, the court must set conclusory factual allegations aside, accept non-conclusory factual allegations as true, and determine whether these allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Rule 8 requires more than "the-defendant-

unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation signals omitted).

Plaintiff is appearing *pro se*; consequently, the court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

### 3. *Application of Standards*

#### a. *Subject-matter jurisdiction*

In general, Plaintiff may establish the court's subject-matter jurisdiction in one of two ways. First, Plaintiff may invoke the court's "diversity jurisdiction," which applies "where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). To premise jurisdiction on diversity, the Complaint must allege both diversity of citizenship and the proper amount in controversy. *See Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400-01 (9th Cir. 1990). Alternatively, Plaintiff may assert that Defendants violated the Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Plaintiff fails to assert, and apparently cannot assert, the existence of complete diversity jurisdiction because it appears that both Plaintiff and some Defendants are citizens of Hawaii. The Complaint alleges that Plaintiff lives in Hawaii and that Deyro and Scotte work in Hawaii.

Plaintiff also fails to specifically identify any federal laws or rights that were violated. Rather, the Complaint alleges only state-law claims for retaliation and conspiracy. Thus, the Complaint is DISMISSED for lack of subject-matter jurisdiction.

But even if the Complaint could be construed to assert a valid federal claim, thereby establishing subject-matter jurisdiction, the Complaint is deficient for several reasons.

8

## b. The Complaint is frivolous

First, the Complaint is frivolous. Any potential claim under 42 U.S.C. § 1983 for retaliation or conspiracy to violate some constitutional right is based on the fantastic, irrational, and delusional theory that FBI agent Bird conspired with some or all Defendants to (1) deprive Plaintiff of damages and a transcript in state court case; (2) induce ASB and its employees to commit the allegedly fraudulent banking practices of denying Plaintiff cash advances/loans and failing to invest his money; (3) obstruct Plaintiff from withdrawing money from ATMs; and (4) make Plaintiff homeless and seize his property.

Courts have routinely dismissed similarly implausible and unsubstantiated claims as frivolous. *See, e.g.*, *Ellerbe v. U.S. Fed. Gov't Officials, Officers, Agents, and Emps.*, 2017 WL 1324898, at *2 (E.D. Pa. Apr. 6, 2017) (dismissing without leave to amend frivolous complaint alleging vast government conspiracy against plaintiff); *Buzzell v. Skowhegan Sav. Bank*, 2017 WL 149958, at *2 (D. Me. Jan. 13, 2017) (dismissing frivolous complaint where "allegations are disjointed and largely conclusory" and fail "to give rise to any [cognizable] cause of action"); *Vidmar v. Honolulu Police Dep't*, 2016 WL 4523586, at *6 (D. Haw. Aug. 29, 2016) (dismissing as frivolous complaint alleging that city and state agencies and officials conspired to harm Plaintiff by failing to stop the spraying of deadly poison in her residence); *Mendes v. United States*, 88 Fed. Cl. 759 (Fed.

Cl.), *app. dism'd*, 375 F. App'x 4 (Fed. Cir. 2009) (upholding dismissal of frivolous complaint alleging that "zealot, fanatical women" employed by the FBI and CIA used "laser beam technology" against plaintiff); *Cain v. City of Ventura*, 2011 WL 4403290, at *1 (C.D. Cal. July 7, 2011) (collecting cases). Accordingly, the Complaint is DISMISSED as frivolous.

    *c.*    *Immunities*

Second, the Complaint alleges that the state-court judge who presided over Plaintiff's small claims action failed to award Plaintiff the full amount of damages sought. Compl. at 5. The Complaint further alleges that "the court . . . denied Plaintiff's request for court transcripts/minutes on 11-24-17!" *Id.* It is not clear whether the Complaint alleges that the unnamed state-court judge or an unnamed state-court clerk denied his transcript request. Nevertheless, both the judge and clerk are immune from a suit for damages.

"Judges are absolutely immune from damages action for judicial acts taken within the jurisdiction of their courts. . . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."); *Patel v.*

*DeCarolis*, 2017 WL 2869993, at *1 (9th Cir. July 3, 2017). Even when a judge is accused of acting maliciously or corruptly, he or she retains immunity from suit for judicial actions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Similarly, clerks who "perform tasks that are an integral part of the judicial process," such as filing cases or answering correspondence, are also accorded "absolute immunity." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1142 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987)).

Here, the decisions by the judge and state-court clerk are the type that were made in their official capacities and were integrally related to Plaintiff's small claims action. Both are immune from claims for damages and therefore Plaintiff's damage claims against the state court judge and clerk are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). And because granting leave to amend would be futile, this dismissal is without leave to amend.

    d.    *The Complaint fails to state a claim*

Third, the Complaint fails to state a § 1983 claim. "To sustain an action [for damages] under § 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted),

*vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Here, the Complaint neither identifies any federal constitutional or statutory right that was allegedly violated, nor alleges facts to support such a claim. At best, the Complaint vaguely alleges that Defendants are conspiring "to cause" the violation of his "8th and 14th" amendment rights. Compl. at 6. But the Complaint does not specify what those rights are or how they would be violated. Nor does the Complaint allege that any Defendant who is not otherwise immune from a suit for damages is a state actor. *See Hoapili v. Am. Sav. Bank*, 2012 WL 5305147, at *2 (D. Haw. Sept. 14, 2012) ("There is no indication in the Complaint that American Savings Bank was acting under color of state law[.]").

A private party may, under limited circumstances, act under color of state law when "he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). To establish joint action, a plaintiff must show willful, joint participation between the state and a private actor in which "the state has so far insinuated itself into a position of interdependence with the private [actor] that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 926 (9th

Cir. 2011) (citations and quotations omitted).

In short, Plaintiff has failed to state a § 1983 claim because the Complaint fails to allege *any* facts showing what state action was taken or that American Savings Bank, any of its employees, or Bird is a state actor.

Accordingly, the Complaint is DISMISSED as frivolous and for failure to state a claim.

   e. *Improperly joined claims and parties*

Fourth, even if the Complaint could be construed to assert subject-matter jurisdiction and a federal claim, it would still be deficient for failure to comply with the Federal Rules of Civil Procedure. The alleged incidents forming the bases of the Complaint — ASB's denial of a cash advance/loan and failure to invest Plaintiff's money; a conspiracy to obstruct Plaintiff from withdrawing money from ATMs, to make Plaintiff homeless, and to seize his property; a state court judge's award of $50 rather than $1 thousand in damages in a small claims action, and the state court's denial of Plaintiff's request for a transcript — are not all related in terms of time and location, and involve individuals who are not mutually responsible for all incidents. Thus, the Complaint appears to violate Rules 18 and 20 of the Federal Rules of Civil Procedure.

Under Rule 18(a), governing joinder of claims, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. To name

different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties. Under Rule 20(a)(2), permissive joinder of multiple defendants in a single lawsuit is allowed only if: (1) a right to relief is asserted against each defendant that relates to or arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Unrelated claims involving different defendants belong in different suits. *See Woods v. City of L.A.*, 2017 WL 5634105, at *5 (C.D. Cal. Nov. 22, 2017) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)); *Pitts v. Tuitama*, 2017 WL 1731681, at *4 (D. Haw. May 2, 2017) (citing cases).

Plaintiff's Complaint involves incidents that do not arise from the same transaction or occurrence or series of transactions or occurrences, and they clearly involve separate acts done by different individuals. Plaintiff's attempt to tie the alleged facts together through allegations of a conspiracy headed by FBI agent Bird flies in the face of common sense and this court's judicial experience. That is, Plaintiff's interpretation does not meet *Iqbal's* standard of plausibility. *See Iqbal*, 556 U.S. at 679-80.

Because Plaintiff's unrelated allegations against numerous Defendants cannot be joined in the same action, the Complaint is DISMISSED.

### *4.     Leave to Amend*

Plaintiff's claims against the unnamed state-court judge and unnamed state-court clerk are dismissed with prejudice. All other claims are dismissed without prejudice. Plaintiff is granted leave to attempt to cure the deficiencies set forth above, if possible.

If Plaintiff chooses to file an amended complaint, he should write short, plain statements telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the specific basis of this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff should repeat this process for each person or entity that he names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Further, any amended complaint must comply with Federal Rules of Civil Procedure 8, 18 and 20. And, to be clear, Plaintiff may not amend to assert a claim against the state-court judge who presided over his small claims action or the state-court clerk who denied his request for a transcript of that action.

C.    **Motion for Appointment of Counsel**

Plaintiff seeks appointed counsel to assist him with this action. Plaintiff states that he "is not a high school graduate and has no money to hire an attorney to represent his case." ECF No. 6 at 1.

Generally, a civil litigant has no right to counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). However, pursuant to 28 U.S.C. § 1915(e)(1), the court "may under 'exceptional circumstances' appoint counsel for indigent civil litigants." *Id.*; *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) ("The decision to appoint such counsel is . . . granted only in exceptional circumstances."). In determining whether "exceptional circumstances" exist, the court must consider a litigant's "'likelihood of success on the merits as well as the [litigant's] ability . . . to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Difficulties that any litigant proceeding pro se would face "'do not indicate exceptional factors.'" *Johnson v. Young*, 2016 WL 923094, at *2 (D. Nev. Mar. 10, 2016) (quoting *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990)).

Here, Plaintiff has not demonstrated "exceptional circumstances." Although Plaintiff may be ill-equipped to articulate his claims pro se, he is highly

16

unlikely to succeed on the merits of his claims. Plaintiff's claims are based largely on the irrational theory that FBI agent Bird conspired with some or all Defendants to (1) deprive Plaintiff of damages and a transcript in state court case; (2) induce ASB and its employees to commit the allegedly fraudulent banking practices of denying Plaintiff cash advances/loans and failing to invest his money; (3) obstruct Plaintiff from withdrawing money from ATMs; and (4) make Plaintiff homeless and to seize his property. Such claims are fanciful. Further, Plaintiff is highly unlikely to establish this court's subject-matter jurisdiction over his claims. Thus, the Motion for Appointment of Counsel is DENIED.

### III. CONCLUSION

For the reasons stated above, the court (1) GRANTS the IFP Motion; (2) DISMISSES Plaintiff's Complaint as frivolous, for failure to state a claim, and for failure to comply with the Federal Rules of Civil Procedure; and (3) DENIES the Motion for Appointment of Counsel. Plaintiff's claim against the unnamed Hawaii state-court judge that presided over Plaintiff's small claims action and the unnamed state-court clerk who denied Plaintiff's request for a transcript of that action is DISMISSED without leave to amend. Plaintiff is granted until March 30, 2018 to file an amended complaint that attempts to cure the deficiencies set forth above.

An amended complaint will supersede the Complaint and must be complete in itself without reference to prior superseded pleadings. *E.g., King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc)). An amended complaint must state that it is the "Amended Complaint," and must be retyped or rewritten in its entirety — it may not incorporate any part of the original Complaint merely by reference. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992). Failure to file an amended complaint by March 30, 2018 will result in automatic dismissal of this action.

To assist Plaintiff to comply with this order, the Clerk of Court is DIRECTED to send Plaintiff a copy of the court's non-prisoner pro se civil rights complaint form.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 1, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Tia v. Honolulu Police Dept., et al.*, Civ. No. 17-00612 JMS-RLP, Order (1) Granting Motion to Proceed In Forma Pauperis, (2) Dismissing Complaint With Leave to Amend, and (3) Denying Motion for Appointment of Counsel